### THE R. H. WILLIAMS.[1]

### LOMBARD, AYRES & CO. v. THE R. H. WILLIAMS.

*(District Court, E. D. New York. May 22, 1891.)*

COLLISION—STEAM-VESSELS CROSSING—VESSEL BACKING OUT OF SLIP.
    Where a steam-tug was moving at a high rate of speed near the piers in the Kill von Kull, and struck and sunk a vessel which was backing out of a slip, giving a long whistle as she backed, it was *held* that the collision was due to inattention on the part of the passing vessel, which rendered her liable for the collision.

In Admiralty. Suit to recover damages caused by collision.
*Carpenter & Mosher*, for claimant.
*Goodrich, Deady & Goodrich*, for libelant.

BENEDICT, J. This is an action to recover of the propeller R. H. Williams the damage done to the tug Little Nellie in a collision that occurred on the 13th of March, 1889, at 6 P. M., just off pier 4, the Seaboard Refinery dock, at Bayonne, N. J. As the Little Nellie was coming out of the slip on the east end of the pier the R. H. Williams was

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

coming down the Kills to the eastward, and close in upon the piers. When the Little Nellie had emerged but a short distance from the slip she was struck on her starboard side by the R. H. Williams, and sunk. The question of liability turns upon the question whether the Little Nellie blew a long blast of her whistle as she drew near to the end of the pier, while passing out of the slip. If she did blow such a whistle, and the same was not heard by those directing the Williams, it must have been owing to inattention on their part; and inattention in such a particular, under the circumstances, was great negligence, for the Williams was running rapidly across the mouths of the slips, by no means as far out as she would have it believed, but very near to the ends of the piers. If, on the other hand, the whistle of the Little Nellie was heard by those directing the Williams, she was in fault for not stopping and staying out into the stream. The proof is that the Williams kept up her speed until the Little Nellie appeared ourside of the ends of the pier; and the man at her wheel says he heard no long whistle from the Little Nellie. As to the fact of a long whistle having been blown by the Little Nellie as she passed up the slip nearing the end of the pier, it is proved by the great weight of the evidence, and that it could have been heard by the Williams with ordinary attention. The libelant is therefore entitled to a decree with an order of reference to ascertain the amount of the damage.